[No. 14451.    Department Two.    October 6, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Andrew J. Stone et al.,* Plaintiff, v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al.,* Respondents.[1]

CERTIORARI—WHEN LIES—REMOVAL OF CAUSES — REMEDY BY APPEAL. Under Laws 1917, p. 11, § 15, providing for an appeal in the Army Post condemnation, which shall bring up for review all orders and proceedings, including the adjudication of public necessity, there is a plain, speedy and adequate remedy by appeal, and certiorari does not lie to review an order denying the removal of the cause to the Federal court.

Application filed in the supreme court September 22, 1917, for a writ of review to review an order of the superior court for Pierce county, Clifford, J., entered August 28, 1917, denying the removal of a cause for trial.    Denied.

*Corwin S. Shank, H. C. Belt,* and *Walter M. Harvey,* for relators.

*Fred G. Remann* and *J. T. S. Lyle* (*Scott Z. Henderson, Robert M. Davis,* and *Nat U. Brown,* of counsel), for respondents.

HOLCOMB, J.—This is a petition for a writ of review, directed to the respondents to review an order of respondents denying to the relators a transfer of the trial of the question of the public necessity for condemning, and the compensation and damages to be paid relators for the appropriation of, tracts of land in and by Pierce county for the purposes of the army post.

It is alleged that the relators are the owners of tracts of real estate included in the proceedings for the condemnation for the army post, and that, on August 28, 1917, they filed their petition in the superior court of Pierce county, and before the judge before whom the proceedings for the con-

[1] Reported in 167 Pac. 1089.

demnation and assessment of damages to the real estate were pending, to remove the proceedings as to them to the United States district court for the western district of Washington, southern division, and made and filed therewith a good and sufficient bond. They set forth a copy of their petition, wherein all the jurisdictional facts relied upon by them are averred, and further allege that respondents denied their petition to transfer and remove the cause to the United States district court, and proceeded without jurisdiction to enter an order of necessity and setting their case down for trial of damages on the 24th day of September, 1917. It is further alleged that the relators have no right of appeal from the order, and no plain, speedy and adequate remedy at law.

Aside from the proposition that the relators have a plain, speedy and adequate remedy at law as to the question of Federal jurisdiction, by proceeding directly in the United States district court for the western district of Washington to have their case removed to it, regardless of any order thereon made by the state superior court, we are convinced that relators have a plain, speedy and adequate remedy at law by appeal from the final judgment, which, by the act providing for these condemnation proceedings, provides that an appeal may be had by any party interested from the final judgment, which appeal shall bring up for review all orders and proceedings, including the adjudication of public necessity for the taking. Laws of 1917, chapter 3, pages 11 and 12, § 15.

The writ is therefore denied and the show cause order is dismissed.

ELLIS, C. J., MOUNT, WEBSTER, and PARKER, JJ., concur.